**United States District Court**
For the Northern District of California

*E-FILED 06-08-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and DELMA MITCHELL, Revenue Officer,<br><br>　　　　　Petitioners,<br>　v.<br><br>SCOTT STOTLER,<br><br>　　　　　Respondent. | No. C10-01346 HRL<br><br>**ORDER GRANTING VERIFIED PETITION TO ENFORCE IRS SUMMONS**<br><br>[Re: Docket No. 1] |

This matter is before the court on an order to show cause why respondent Scott Stotler should not be required to comply with an Internal Revenue Service (IRS) summons. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Based upon the record presented, as well as the discussion at the June 8, 2010 show cause hearing, this court grants the petition.

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir.

1 1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must establish a prima

2 facie case for enforcement by showing that the summons (1) is issued for a legitimate purpose;

3 (2) seeks information relevant to that purpose; (3) seeks information that is not already in the

4 IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal

5 Revenue Code.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  "'The government's

6 burden is a slight one, and may be satisfied by a declaration from the investigating agent that

7 the *Powell* requirements have been met.'"  Crystal, 172 F.3d at 1144 (quoting United States v.

8 Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

9     Here, the verified petition indicates that the IRS's investigation is being conducted for a

10 legitimate purpose of ascertaining respondent's assets and liabilities as part of an effort to

11 collect unpaid federal tax liabilities for certain periods of time.  (See Pet. ¶¶ 3-4).  The summons

12 is relevant to that purpose and asks respondent to appear and bring with him documents

13 pertaining to his assets and liabilities (e.g., bank statements, checkbooks, canceled checks,

14 saving account passbooks, and records or certificates of deposit).  (See id., Ex. A).  The petition

15 further indicates that the information is not already in the IRS's possession, that there has been

16 no referral for criminal prosecution of this matter, and that all administrative steps required by

17 the internal Revenue Code for the issuance of the summons have been taken.  (See Pet. ¶¶ 6, 11,

18 12 and Ex. A).  Further, Mr. Stotler appeared at the June 8, 2010 show cause hearing and stated

19 that he has made efforts to cooperate with the subject summons and will continue to do so.

20     Based on the foregoing, this court finds that the summons is enforceable in its entirety,

21 and the petition to enforce the IRS summons therefore is granted.  Petitioners are instructed to

22 promptly serve a copy of this order on respondent and to file a proof of service with the court.

23     SO ORDERED.

24 Dated:   June 8, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:10-cv-1346 Notice electronically mailed to:

2   Thomas M. Newman  thomas.newman2@usdoj.gov

3   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28